MARGARET MANNING et al., appellants,

*v.*

COLUMBIAN LODGE, No. 117, I. O. O. F., respondent.

[Filed October 17th, 1897.]

The defence that the consideration of a note and mortgage was illegal, in that the mortgagee promised not to prosecute another for embezzlement, when no prosecution was pending, was not sustained where defendant did not plead and prove that an embezzlement had been committed.

---

On appeal from a decree advised by Vice-Chancellor Emery in *Columbian Lodge, No. 117, I. O. O. F.*, v. *Manning et al.*, who delivered the following opinion:

The bill in this case is filed to foreclose a mortgage given by one John Manning, now deceased, to the complainant, to secure

the sum of $3,800, with interest, in one year from its date, March 30th, 1882. The bond accompanying the mortgage, and which is referred to therein, is conditioned for the payment by John Manning or Peter M. Melick of this sum of $3,800, "the same having come into the hands of the said Peter M. Melick, as treasurer of said lodge." John Manning died in 1889, and the defence set up by his executrix and widow and the infant children by the answer is that the bond and mortgage were given for an illegal consideration and are illegal and void under the following circumstances, viz., that Peter Melick was the treasurer of the complainant and had collected $3,800, money belonging to it, and had embezzled the same and appropriated it to his own use; that the complainant was about to institute criminal proceedings against Melick on account of the embezzlement, and that Manning, in order to prevent such criminal proceedings, executed and delivered the mortgage in question to secure the sum which Melick had embezzled, and that, in consideration of the execution of this mortgage, the complainant agreed not to institute criminal proceedings against Melick on account of his embezzlement; and that the consideration of the bond and mortgage was to protect Melick from criminal prosecution, and the mortgage is therefore void.

The execution of the bond and mortgage having been proved, the burden of establishing its illegality was upon the defendants, and the main question which arose at the hearing was whether the defendants, in order to establish the illegality of the bond, were not obliged to show by satisfactory evidence that the crime of embezzlement had been in fact committed. There was sufficient proof that the complainant, through its directors or agents, charged or asserted that the crime had been committed and that the bond and mortgage in question were given upon the agreement of complainant that no criminal prosecution would be made, and were delivered upon such understanding with Manning on behalf of Melick, who had fled, probably to escape arrest. But at the time of giving the bond and mortgage no criminal prosecution had been actually commenced, nor had

any indictment been found, and defendants failed to offer evidence sufficient either to convict Melick of the crime of embezzlement or to show that, at the time of giving the bond and mortgage, a crime had been in fact committed for which Melick could have been prosecuted. If a criminal prosecution had been in fact pending at the time, either by the finding of an indictment or otherwise, then the public interest in the prosecution of the actual pending charge was of such a nature as to avoid any security for a debt given upon an agreement for the stifling of the pending prosecution, even though the debt thus secured was due. But the question here is whether, in the absence of pending criminal proceedings or of an indictment, sufficient proof must be made in the case that in fact the crime had been committed or whether the mere intention of the parties to compound what is charged or supposed to be a crime is sufficient to avoid a security given for a debt which is honestly due. Defendants' counsel claim that the security is avoided simply by the illegal or criminal intention of the parties to compound a crime, and that the agreement not to prosecute, founded on this intention, is sufficient to invalidate the security. The authorities, however, are against this view and hold that where criminal proceedings are not pending the actual commission of the crime alleged to have been compounded must be alleged and proved. The cases are collected in *3 Am. & Eng. Encycl. L. 404*, the leading case being *Steuben County Bank* v. *Mathewson, 5 Hill 249 (1843)*. This was an action on a bond, and a plea in bar alleged that the bond was given under an agreement to discharge a person, one Washburn, arrested by plaintiffs under civil process founded on a charge of obtaining money on a forged note, and to surrender the note, discharge the person arrested and forbear to prosecute him for forgery. The plea failed to aver that the crime of forgery had been in fact committed, and in the absence of any pending criminal proceedings the plea was held no answer to the action, the court saying that it was not possible to sustain the plea if it came short of averring the actual commission of the crime. The doctrine settled

by this case is that where no criminal proceedings are actually pending the actual commission of the crime alleged to have been compounded is one of the facts at issue in the cause and necessary to be alleged and satisfactorily proved in order to make out the defence of illegality. The same doctrine is held by the later cases. *Plant* v. *Gunn, 2 Woods 372; 19 Fed. Cas. 800, 803 (U. S. Cir. Ct., 1874)*; *Catlin* v. *Henton, 9 Wis. 476 (1859)*.

Whether the proof in the civil cause of the commission of the crime alleged to be compounded must be such as would be sufficient to convict on a criminal charge, or whether a preponderance of proof is sufficient for the purposes of the civil suit, may be an open question on the authorities, some of them holding that a preponderance of evidence is sufficient. This latter doctrine would seem to be in line with the decision of our own courts in an analogous case. *Kane* v. *Hibernia Insurance Co., 10 Vr. 697 (Errors and Appeals, 1877)*. But this question as to the character of proof is not involved here, as the proof in this cause is not sufficient, under either rule, to show that a crime was in fact committed. Defendants' counsel insists that the case of *Fishell* v. *Gray, 31 Vr. 5 (N. J. Sup. Ct., 1897)*, establishes or recognizes the rule that where one element of the consideration of a contract is illegal or immoral (as distinguished from being merely unenforceable) it will avoid the whole contract. But this rule is not decisive of the present case, for the question here is whether the agreement in question is illegal if in fact the crime has not been committed.

The above cases, as I construe them, hold that it is not, the plain reason being, as it seems to me, that if no criminal charge is actually pending for trial or prosecution the public interest is not that there should be a charge in any event but only in case there has been an actual crime committed, and proof, therefore, that the crime had been committed lies at the basis of the charge of illegality. The complainant is entitled to a decree.

*Mr. Howard W. Hayes,* for the appellants.

*Mr. Adrian Riker,* for the respondent.

Sudbury v. Merchantville Building and Loan Ass'n.

PER CURIAM.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—COLLINS, DEPUE, DIXON, GARRISON, LIPPINCOTT, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON, VREDENBURGH—11.

*For reversal*—None.